UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA K. LEE | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | JURY DEMAND |
| CAMERON INTERNATIONAL | § | |
| CORPORATION | § | |
|     Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Comes now Melissa K. Lee (hereinafter referred to as "Lee" or "Plaintiff"), and files this Plaintiff's Original Complaint complaining of Cameron International Corporation (hereinafter referred to as "Cameron" or "Defendant") and for cause of action and in support thereof would show unto this Honorable Court and Jury as follows:

### I. PARTIES

1.     Plaintiff Melissa K. Lee is an individual residing in Beaumont, Texas.

2.     Defendant Cameron International Corporation, is a Texas Corporation conducting business in Texas and may be served with Plaintiff's Original Complaint by serving its agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

### II. JURISDICTION

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and the specific jurisdiction statute for claims of this type, 29 U.S.C. §1132(e).

4.     Further, this is an action for a declaratory judgment, pursuant to 28 U.S.C. §2201, that Defendant has an obligation under the Employee Retirement Income Security Act

("ERISA")  which they are disregarding.

### III. BACKGROUND

5. Melissa Lee was hired by Cameron on or about May 7, 2007 as a financial analyst at the corporate offices of Cameron in Houston, Texas.

6. Plaintiff suffered a traumatic nervous breakdown while at work during a staff meeting on March 19, 2009 .

7. Plaintiff has a long history of Schizoaffective disorder, Bipolar type, and has been under treatment for many years by various medical providers.

8. Until suffering the event at work on March 19, 2009,  Plaintiff performed her job in a manner that was satisfactory to her employer.

9. On or about April 17, 2009 Plaintiff was told she was going to be terminated.

10. For all purposes relative to her claims herein, Plaintiff continued to be classified as an employee of the company until April 18, 2009 the following day after being advised that she was going to be terminated.

11. Plaintiff was a salaried employee, and as such her employment was effective until midnight of April 17, 2009.  Plaintiff frequently worked twelve hour days and her supervisor often worked fifteen or sixteen hour days up to and past midnight.

12. Plaintiff was paid for a full days work on the date of termination.

13. At the time of her termination, Plaintiff had been employed by the company for the minimum period of time to be eligible to obtain Short-Term Disability ("STD") monthly.

14. Plaintiff was eligible for benefits under Cameron's Short-Term Disability plan because her length of service with Cameron exceeded six months when she was terminated.

15. Plaintiff reported her short-term disability claim promptly and in accordance with the

        requirements of the STD.  Contrary to the assertion of Cigna Group Insurance ("Cigna"), Plaintiff not only reported her STD claim on April 17, 2009, she considered herself to be and was disabled and claimed disability on April 17, 2009.

16. Plaintiff's appointment with her psychiatrist on the morning of April 17, 2009 also caused her to miss work, reinforcing her eligibility for benefits.

17. Plaintiff's health flex spending account, which is tied into her health care benefits, was effective until midnight on April 17, 2009.  Plaintiff was able to make purchases using this account until midnight of April 17, 2009.

## IV. BREACH OF CONTRACT

18. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. Plaintiff has performed her obligations required through her employment to be entitled to receive STD.

20. Defendant breached its contractual obligation to Plaintiff by denying Plaintiff short-term disability.

21. By virtue of Defendant's breach, Plaintiff has sustained monetary damages in the amount of the maximum about of monies that should have been paid to her for the maximum number of months for Short-Term Disability.

22. Plaintiff has been required to retain the services of the undersigned attorney to protect her legal interests and bring this suit.  Plaintiff is entitled to the award of attorneys fees pursuant to §38.001 *et seq*. of the Texas Practice and Remedies Code.  Plaintiff requests the award of reasonable and necessary attorneys fees and contingent award for any appeal.

## V. WRONGFUL DENIAL OF ERISA BENEFITS

23. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24. Under ERISA, 29 U.S.C. §1132(a)(1)(B), and the principles of federal common law developed thereunder, Cameron International Corporation is obliged to fulfill its contractual promises with respect to benefits and make payment to Lee.

25. Plaintiff would show the Court that the denial of Plaintiff's claim constitutes an abuse of discretion by the plan administrator.

26. As administrator of the STD, Defendant was a fiduciary to Plaintiff and, as such, had a duty of loyalty and utmost good faith toward her.

27. Defendant breached its fiduciary duty to Plaintiff by denying her timely request for STD.

28. By virtue of the breach and denial of her claim, Plaintiff is entitled to the award of actual and punitive damages.

## VI. DECLARATORY RELIEF

29. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201.

31. Based on the facts set out herein, Plaintiff requests that this Court enter an order declaring that Defendant has an obligation to Plaintiff under ERISA which it has disregarded.

32. Plaintiff requests the award of reasonable and necessary attorneys fees.

## VII. ATTORNEY'S FEES

33. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

34. 29 U.S.C. §1132(g)(1) authorizes this Court to award reasonable attorneys fees and costs of action to either party in an ERISA action.

35. As a result of the action and failing of the Defendant, Plaintiff has retained the services of legal counsel and has necessarily incurred attorneys fees and costs in hereinafter pursuing this action, all in a final amount which is currently unknown.  Plaintiff therefore requests an award of reasonable attorneys fees and costs with a conditional award in the event of appeal.

## VIII. JURY DEMAND

36. Plaintiff demands a jury trial.

## IX. CONDITIONS PRECEDENT

37. All conditions precedent have been performed or occurred prior to the filing of suit.

WHEREFORE PREMISES CONSIDERED, Plaintiff Melissa K. Lee respectfully requests that the Court enter judgment against the Defendant Cameron International Corporation for the following:

   a. Grant judgement against the Defendant in favor of Plaintiff with regard to her claims for breach of contract, wrongful denial of ERISA benefits, abuse of discretion by the plan administrator, breach of fiduciary duty, and all other equitable relief to which Plaintiff may show herself justly entitled;

   b. For a declaration that Defendant has an obligation under ERISA which is being disregarded;

c. Pre-judgment interest as provided by law;

d. Attorneys fees with conditional awards in the event of appeal;

e. Post-judgment interest as provided by law;

f. Costs of suit; and

g. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: */s/ Glenn W. Patterson, Jr.*
Glenn W. Patterson, Jr.
State Bar No. 15612500
Southern District ID No.1369
11 Greenway Plaza, Suite 2820
Houston, Texas 77046
(713) 961-1200
(713) 961-0941 (Fax)

**ATTORNEY FOR PLAINTIFF MELISSA K. LEE**