IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA K. LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1112 |
| | § | |
| CAMERON INTERNATIONAL CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

After all parties have rested and closed the evidence, and having heard and considered the arguments and authorities of counsel, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52.

**Agreed Issues of Fact**

**The parties have mutually agreed to the following findings of fact, which the Court adopts:**

1. Cameron International Corporation ("Cameron") is an oilfield services company and a leading provider of flow equipment products, systems, and services to worldwide oil, gas and process industries.

2. Plaintiff was employed by Cameron on May 7, 2007, as a Tax Specialist.

3. Plaintiff was expected to be able to address risks and assess opportunities worldwide with respect to taxes owed by Cameron, and to make the appropriate filings for her designated countries on behalf of Cameron.

4. Stuart Taylor, Cameron's Vice President of Tax, met with Plaintiff on the morning of Friday, April 17, 2009, and informed her that she was being laid off effective immediately.

5. April 17, 2009, was a Friday, and therefore Plaintiff's next scheduled workday would have been the following Monday, April 20, 2009.

6. Plaintiff left Cameron's premises that morning after being informed of her discharge and never returned to work.

7. Plaintiff's last day worked was April 17, 2009.

8. After being notified that she was discharged, Plaintiff went to see her psychiatrist on the day of discharge.

9. Plaintiff informed her psychiatrist that she had lost her job, and her psychiatrist wrote a letter recommending that she be placed on disability.

10. CIGNA denied Plaintiff's claim for disability benefits on June 8, 2009.

11. Plaintiff appealed the denial of her short term disability ("STD") claim.

12. The STD Plan over which Plaintiff sues is an ERISA plan.

13. In this case, Cameron fully funded the Plan and CIGNA made the determinations.

14. Plaintiff's state law claims are preempted by ERISA.

15. The STD Plan is not a contract.

16. Plaintiff did not apply for STD benefits until after she was discharged, but applied for STD benefits on the same day.

17. A determination was never made as to whether Plaintiff was medically eligible for coverage under the STD Plan.

18. Cameron provides short term disability benefits to employees to provide income protection if they cannot work due to an illness or injury. Those benefits are set forth in an STD Plan.

## Additional Findings of Fact

**From a preponderance of the evidence, the Court additionally finds as follows:**

19. Friday, April 17, 2009, was a regularly scheduled work day, and Plaintiff was a full-time employee when she arrived at work that morning.

20. Plaintiff came to work that day to perform her regular occupation for Cameron at the usual place of business of her employer.

21. Plaintiff while at work on the morning of April 17, 2009, did not report or complain of any disability that made her unable to work.

22. Mr. Taylor met with Plaintiff during the morning of April 17th, and told her she was laid off, effectively immediately, as part of a reduction in force.

23. No longer an employee of Cameron, Plaintiff then left Cameron's premises never to return.

24. After being laid off and leaving Cameron's premises that day, Plaintiff went to visit her psychiatrist, Dr. David A. Love.

25. Dr. Love made an entry for 4-17-09 in his "Progress Notes" for Plaintiff, which in part read, "lost job."

26. Plaintiff that same afternoon conveyed by fax datelined and timed "04/17/2009 14:46," a "Disclosure Authorization" form, authorizing any doctor to release to Cameron her medical information and history.

27. Dr. Love signed a letter, dated April 17, 2009, addressed to "Whom It May Concern," stating that Plaintiff is currently under his care, and adding:

> At this time, she is unable to work due to symptoms of her medical condition. I anticipate this being a long-term disability and possibly a permanent disability.

28. At 5:26 p.m. on April 17, 2009, Plaintiff called the CIGNA hotline to commence the process for requesting STD benefits.

29. CIGNA is the Claims Administrator for the STD Plan.

30. Cameron's STD Plan provides CIGNA with discretionary authority to construe the terms of the Plan.

31. CIGNA after review found that Plaintiff was not eligible for benefits under the STD Plan.

32. Section 4.1 of the Plan states that an Employee's participation in the Plan will end on the earliest of several possible dates, and number 5 on the list, which CIGNA concluded applied, is "the date the Employee is no longer in Active Service."

33. In its June 5, 2009 letter to Plaintiff Lee, CIGNA wrote in part:

> Summary
>
> We received your claim in our office requesting Short Term Disability benefits on April 20, 2009. You reported your last day worked April 17, 2009. Your Employer notified us that you were terminated effective April 17, 2009. Based on the plan outline above, your insurance coverage will end at the date you are considered no longer in Active Service.

34. Plaintiff Lee appealed CIGNA's initial denial of her claim.

35. Both parties were given opportunity to present facts to CIGNA, the Claims Administrator.

36. The administrative record reveals that Ms. Lee had a history of mental illness occurring periodically over a number of years, and had previously had some hospitalizations.

37. CIGNA received and reviewed the additional evidence submitted by Plaintiff and her physician.

38. CIGNA made no determination on whether Plaintiff would have been medically eligible for coverage under the STD Plan because of its predicate determination that after her involuntary separation-reduction in force lay-off effective April 17, 2009, she was no longer covered by the Plan.

39. CIGNA denied Plaintiff's appeal and on August 5, 2009, affirmed its decision denying STD benefits to Plaintiff.

40. CIGNA in its letter to Plaintiff Lee, dated August 5, 2009, after quoting portions of Section 5.1 of the STD Plan, explained its reasons as follows:

> We received and reviewed new and existing supplied medical information to be reviewed as part of the whole of your appeal which included but is not just limited to medical records indicating ongoing multi-year history of continuing treatment. This information includes a record dated April 17, 2009 from Dr. David Love noting you were seen reporting you had lost your job. The medical notes indicate a history of four prior hospital stays and were needing to file for disability.
>
> Based on the information we have been provided, you were subjected to an involuntary separation-reduction in force lay-off effective April 17, 2009. Your last day worked was April 17, 2009 and you are claiming disability beginning April 18, 2009. You were no longer covered by the Plan effective April 17, 2009. In light of this fact, we must reconfirm our decision to deny your application for continued disability benefits.

41. Section 5.1 of the STD Plan allows participation to continue under certain circumstances after an employee is no longer in "Active Service." In its August 5, 2009, letter to Plaintiff Lee, CIGNA quoted portions of Section 5.1, including its penultimate clause, which CIGNA found excluded her from continued participation in the Plan:

> **5.1 Continuation of Plan Participation**
>
> Notwithstanding any other provision of this Plan, if an Employee's Active Service ends due to layoff, termination of employment, or any other termination of the employment relationship, participation under the Plan will terminate and Continuation of Plan Participation under this provision will not apply.

42. "Active Service" is defined in Section 12.3 of the Plan:

> 12.3 ACTIVE SERVICE
>
> An employee is in Active Service on a day which is one of the Employer's scheduled work days if either of the following conditions are met.
>
> 1. The Employee is performing his or her regular occupation for the employer on a full-time basis. He or she must be working at one of the Employer's usual places of business or at some location to which the Employer's business requires the Employee to travel.
>
> 2. The day is a scheduled holiday or vacation day and the Employee was performing his or her Regular Occupation on the preceding scheduled work day.

43. It was not until after she was laid-off, effective immediately, on the morning of April 17, 2009, that Plaintiff

late that day, at about 5:26 p.m., called the CIGNA hotline to commence the process for requesting STD benefits.

44. Neither Plaintiff nor Defendant was able to identify any other case with like facts, where an employee who had never claimed a disability to work and who actually was at work when she was laid off as part of a reduction in force, effective immediately, and departed the workplace, thereafter initiated a claim for short term disabilities asserting that she still was in "Active Service."

45. Hence, neither Plaintiff nor Defendant was able to identify any precedent where CIGNA as Claims Administrator was previously required to determine if an employee, after she is involuntarily laid off as a part of a reduction in force and leaves the premises never to return, is nonetheless still in "Active Service" within the meaning of the Plan up until midnight.

46. CIGNA concluded that Plaintiff Lee's "Active Service," as used in the Plan, ended when she was terminated "effective immediately" on April 17, 2009, and departed the premises, and that thereafter she was no longer "performing her regular occupation for the employer on a full-time basis," which is required by the Section 12.3 definition of "Active Service."

47. CIGNA therefore concluded that after Plaintiff Lee's involuntary separation-reduction in force lay-off effective

immediately on the morning of April 17, 2009, she was "no longer covered by the Plan effective April 17, 2009," and was ineligible to apply for disability benefits.

48. There is no evidence that CIGNA previously applied the "Active Service" clause of the Plan inconsistently with the foregoing interpretation.

49. No other proviso in the Plan conflicts with CIGNA's interpretation of the term "Active Service" in the context of the facts in this case.

50. There is no evidence that CIGNA acted in bad faith in construing the Plan or in denying benefits to Plaintiff.

51. There is no evidence of a relevant statute or regulation that renders CIGNA's interpretation unlawful.

52. CIGNA's interpretation of "Active Service" in the context of the facts presented does not fall outside of a "continuum of reasonableness."

53. CIGNA's interpretation of Plaintiff Lee's ineligibility to apply for short-term disability benefits after she had been laid off from her employment, even though she did so before midnight on the same day she was laid off, is not arbitrary or capricious, and was within the realm of the Claims Administrator's discretion.

## Agreed Conclusions of Law

**The parties have mutually agreed to the following conclusions of law, which the Court adopts:**

1. The Court has jurisdiction of the parties and of the subject matter of this case.

2. The standard of review in this case for challenging an administrator's denial of a participant's claim is governed by ERISA. Cooper v. Hewlett-Packard Co., 592 F.3d 645, 651-52 (5th Cir. 2009).

3. Where an ERISA benefits plan provides the plan administrator with discretionary authority to construe the terms of the plan, the Court reviews the plan administrator's denial of benefits for abuse of discretion. Cooper v. Hewlett-Packard Co., 592 F.3d 645, 651-52 (5th Cir. 2009).

4. Factual determinations made by the plan administrator during the course of a benefits review are also reviewed for an abuse of discretion. *See* Chacko v. Sabre, Inc., 473 F.3d 604, 509-10 (5th Cir. 2006); McCall v. Burlington N./Santa Fe Co., 237 F.3d 506, 512 (5th Cir. 2000).

5. Under certain circumstances, the Court should weigh whether or not the plan administrator has a conflict of interest in making benefit determinations because it also funds the Plan. Holland v. Int'l Paper Co. Ret. Plan, 576 F.3d 240, 247 (5th Cir. 2009).

6. Abuse of discretion review is synonymous with arbitrary and capricious review in the ERISA context. *See* Lain v. UNUM Life Ins. Co. of Am., 279 F.3d 337, 342 (5th Cir. 2002). The Court must affirm an administrator's decision if it is supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to the known facts and the decision or between the found facts and the evidence. Cooper v. Hewlett-Packard Co., 592 F.3d 645, 651-52 (5th Cir. 2009); Jenkins v. Cleco Power, 487 F.3d 309, 314 (5th Cir. 2007) (citing Bellaire Gen. Hosp., 97 F.3d at 828).

7. The Court should "only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness--even if on the low end." Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 297 (5th Cir. 1999) (*en banc*).

8. The abuse of discretion standard exists to ensure that administrative responsibility rests with those whose experience is daily and continual, not with judges whose exposure is episodic and occasional. Berry v. Ciba-Geigy, 761 F.2d 1003, 1006 (4th Cir. 1985); Rigby v. Bayer Corp., 933 F. Supp. 628, 633 (E.D. Tex. 1996).

9. ERISA provides that when an administrator of an employee benefit plan has denied benefits to a claimant, the claimant

may file a lawsuit in federal district court "to recover benefits due to her under the terms of her plan." 29 U.S.C. § 1132(a)(a)(B); Schadler v. Anthem Life Ins. Co., 147 F.3d 388, 394 (5th Cir. 1998); *see also* Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 295 (5th Cir. 1999) (*en banc*).

10. When assessing factual questions, the district court is confined to the evidence before the plan administrator. Schadler, 147 F.3d at 395; Pierre v. Conn. Gen. Life Ins. Co., 932 F.2d 1552, 1562 (5th Cir. 1991).

## Additional Conclusions of Law

**The Court makes the following additional conclusions of law:**

11. Under the STD Plan, CIGNA had discretionary authority to construe the terms of the plan in the course of acting as Claims Administrator.

12. Because Cameron fully funded the Plan and CIGNA made the determinations as Claims Administrator, the circumstances of this case do not require a conflict of interest analysis with respect to CIGNA.

13. In determining whether an ERISA plan administrator has abused its discretion, a two-step process is typically followed, "asking first if the plan administrator's determination was legally correct; if it is not, we proceed to the second question of whether the decision was an abuse of discretion."

McDonald v. Hartford Life Group Ins. Co., 361 F. App'x 599, 607, 2010 WL 183431, at *7 (5th Cir. 2010), *citing* Holland v. Int'l Paper Co. Ret. Plan, 576 F.3d 240, 246 n.2 (5th Cir. 2009). The Court may skip the first step if it can more readily be determined that the decision was not an abuse of discretion. McDonald, 361 F. App'x at 607; Holland, 576 F.3d at 246, n.2.

14. The underlying facts in this case with respect to Plaintiff Lee commencing her claim for short-term disabilities under the Cameron Plan were essentially agreed by the parties, and the case turns on whether CIGNA as Claims Administrator abused its discretion in determining that Plaintiff was not eligible to apply for STD after she was laid off work on the morning of April 17, 2009.

15. Although the parties hold conflicting views on whether CIGNA correctly construed the Plan in denying benefits, the parties primarily argue opposing positions on whether the Claims Administrator abused its discretion in denying the claim.

16. The Court will therefore "bypass, without deciding, whether the Plan Administrator's denial was legally correct, reviewing only whether the Plan Administrator abused its discretion in denying the claim." Holland, 576 F.3d at 246 n.2.

17. Given the fact that Plaintiff was laid off, effective immediately, on the morning of April 17, 2009, and was no

longer "performing her regular occupation for the employer on a full-time basis," CIGNA did not abuse its discretion in determining that Plaintiff was no longer covered by the Plan effective April 17, 2009.

18. Given the fact that Plaintiff was laid off work on April 17, 2009, before ever having made a claim for STD, CIGNA did not abuse its discretion in determining that she was ineligible to receive STD beginning April 18, 2009, because of her having been laid off work on April 17, 2009.

19. Given the paramount clause contained in Section 5.1 of the Plan, that "[n]otwithstanding any other provision of this Plan, if an Employee's Active Service ends due to lay-off, . . ." the Employee's participation in the Plan ends, CIGNA did not abuse its discretion in determining that Plaintiff's participation in the Plan ended when she was laid off effective immediately on April 17, 2009.

20. Plaintiff's state law claims are all preempted by ERISA.

21. This is not a case in which the elements have been met to entitle either party to recover attorney's fees from the opposing party. *See* Ironworkers Local No. 272 v. Bowen, 624 F.2d 1255 (5th Cir. 1980).

22. Because the Claims Administrator did not abuse its discretion in determining that Plaintiff was no longer covered by the Plan effective April 17, 2009, after her involuntary

separation-reduction in force lay-off, for which reason it denied Plaintiff's application for disability benefits, Defendant Cameron is entitled to an award of judgment that Plaintiff take nothing and that her suit be dismissed on the merits.

23. If any of the foregoing Findings of Fact constitute Conclusions of Law, they are adopted as such; and if any of the foregoing Conclusions of Law constitute Findings of Fact, they are adopted as such.

The Clerk shall notify all parties and provide them with a true copy of these Findings of Fact and Conclusions of Law.

SIGNED at Houston, Texas, on this 26TH day of September, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE